BOARD OF POLICE COMMISSIONERS OF WEST HAVEN
ET AL. *v*. WEST HAVEN POLICE UNION,
LOCAL 895, ET AL.

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 133417

Memorandum filed September 27, 1973

*Donahue & Votto,* of West Haven, for the plaintiffs.

*Winnick, Resnik, Skolnick & Auerbach,* of New Haven, for the defendants.

ZARRILLI, J. On June 1, 1971, a civilian complaint was filed against Sergeant Herbert Johnson of the West Haven police department. Charges were preferred against him before the West Haven board of police commissioners, and they were heard in November of 1971. The board found Sergeant Johnson guilty on some of the charges, suspended him for thirty days, and reassigned him at the termination of the suspension. Sergeant Johnson then appealed to the state board of mediation and arbitration, as provided for in the employment contract between the board of police commissioners and the West Haven Police Union.

The issue presented to this court is whether the state board of mediation and arbitration has the authority or jurisdiction to conduct a de novo hear-

ing in regard to the charges preferred against Sergeant Johnson to determine if he is innocent or guilty, or if it can only determine issues of law.

Both parties agree that this grievance can be brought before the board for mediation. The only issue is the extent of the hearing. General Statutes §§ 31-97 and 31-98 govern the board.[1] After a close reading of the statutes, the court agrees with the defendant.

Section 31-97 states that after a grievance is submitted to the board it "shall fully investigate and inquire into the matters in controversy." Section 31-98 begins with: "After a matter has been fully heard . . . ." Thus the legislature has directed that the board operate in a certain manner. Once a matter has been brought to it, it has no discretion

---

[1] "Sec. 31-97. SUBMISSION OF GRIEVANCE OR DISPUTE; PROCEDURE. Whenever a grievance or dispute arises between an employer and his employees, the parties may submit the same directly to said board and notify said board or its clerk in writing. Whenever such notification is given, a panel of said board, as directed by its chairman, shall proceed with as little delay as possible to the locality of such grievance or dispute and inquire into the causes thereof. The parties shall thereupon submit to said panel in writing, succinctly, clearly, and in detail, their grievances and complaints and the causes thereof, and severally promise and agree to continue in business or at work without a strike or lockout until the decision of the panel is rendered; but such agreement shall not be binding unless such decision is rendered within ten days after the completion of the investigation. The panel shall fully investigate and inquire into the matters in controversy, take testimony under oath in relation thereto and may administer oaths and issue subpoenas for the attendance of witnesses and for the production of books and papers.

"Sec. 31-98. DECISION TO BE IN WRITING. After a matter has been fully heard, the panel, by a majority of its members, shall, within fifteen days, render a decision thereon in writing, signed by a majority of the members of the panel, stating such details as will clearly show the nature of the decision and the points disposed of by the panel. One copy of the decision shall be filed by the panel in the office of the town clerk in the town where the controversy arose and one copy shall be given to each of the parties to the controversy." (Later amended by Public Acts 1973, No. 73-176.)

as to the type of hearing that is held. Therefore, Sergeant Johnson is entitled to a de novo hearing on the merits, as the statutes direct.

It should be noted that this does not contravene the powers given to the commissioners by § 7-276 of the General Statutes. The commissioners are given the sole power of appointment, promotion, and removal of officers. In this case we are dealing with disciplinary action, a power not solely reserved to the commissioners.

The motion is denied.